## MEYERCORD CO. v. DICKEY.

No. 19837.   Opinion Filed March 3, 1931.

David L. Carter, W. R. Fain, Jr., and W. R. Withington, for plaintiff in error.

Wieck & Armstrong and D. E. Hodges, for defendant in error.

KORNEGAY, J. This is a proceeding in error from the district court of Kay county, Okla.; Claude Duval, judge. The case originated when the defendant in error, desiring to find some way to put his name upon the equipment he was handling, which was largely supplies for oil purposes, wrote to the plaintiff corporation about the matter and was referred to their agent in Seattle, Wash., Mr. P. J. Standish.

He appears to have called on the defendant in error in Seattle, where he was representing the plaintiff in error as agent, and got from him an order for 2,500 transfer labels, which were to be used for the purpose of putting on tanks, etc., the name of the plaintiff's company, as a means of identi-

fication and for the purpose of securing trade.

A part of the order was delivered. The agent received $50 when he took this order, and $90 was paid when a part of the labels were delivered, making the amount that was paid to the plaintiff in error and its agent $140.

The second shipment came about six months later, but the defendant in error refused to take the labels out of the express office, and the amount claimed by plaintiff as being due it was $245. Exhibit "A," attached to the petition, refers to the labels as follows:

1,750   Dickey Trade Mark transfers

No. 85049   @   14c Each,   $245.00

The defendant in error countered with the claim for the amount that he paid on the first shipment, claiming that the labels were worthless.

According to the testimony, they (the labels) would not work, and the local agent could not get them to work.

The trial started before a jury, and the parties made an opening statement and the plaintiff introduced proof showing in a general way the shipment of the labels, and the defendant introduced proof showing the defects in the labels, and according to his testimony they were so defective that he could not get them to work and neither could the local agent get them to work.

At the conclusion of the evidence, both sides requested a directed verdict. The lower court directed the verdict against the plaintiff upon its suit, and also against it on the counterclaim of the defendant below.

The plaintiff below filed its motion for a new trial, which was overruled, followed by exceptions and appeal to this court with case-made.

We have examined this case-made, and we have examined the briefs of the parties, and carefully considered the evidence. We think the trial court was right in taking this case from the jury and directing the verdict. As to the newly discovered evidence, and the motion for a new trial thereon, we think the trial court did not err in refusing to grant a new trial on that account.

The cause is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.